IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIE HUE OWENS, JR.,

    Plaintiff,

vs.                                                                                               No. CIV 17-0802 JB\GBW

SAN JUAN COUNTY; SAN JUAN
COUNTY DETENTION CENTER and
SAN JUAN COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Ellie Hue Owens, Jr.'s Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 4, 2017 (Doc. 1)("Complaint"). Owens is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will dismiss Owens' Complaint without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), and the Court will grant Owens thirty days in which to file an amended complaint.

The Complaint alleges the following facts. On February 29, 2016, an individual named "Mr. Medrano" physically assaulted Owens while Owens was awaiting arraignment at the San Juan County courthouse. Complaint at 2. The assault was racially motivated, and Correctional Officer Yates "did not restrain Medrano until Mr. Owens had suffered a dislocated shoulder, a broken digit, busted dentures and a broken nose." Complaint at 2. After the assault, Owens was denied medical treatment, denied access to an informal complaint, and deprived of his court appearance, because "he could not summon his witness again until much later." Complaint at 3.

The Complaint seeks compensatory damages against Defendants San Juan County, San Juan County Detention Center, and San Juan County Sheriff's Department for the alleged violation of Owens' rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America. See Complaint at 1, 6.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Owens is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v.

Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). Although municipalities and local governments are "persons" subject to suit under § 1983, see Monell v. Dep't of Social Serv. of City of New York, 436 U.S. 658, 690 (1978), "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010)(unpublished). San Juan County Detention Center and San Juan County Sheriff's Department are governmental sub-units and, therefore, they are not persons or legally created entities capable of being sued under § 1983. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"). Accordingly, the Court will dismiss Owens' § 1983 claims against San Juan County Detention Center and San Juan County Sheriff's Department without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

The Complaint also names San Juan County as a Defendant, but a civil rights action against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." N.M. Stat. Ann. § 4-46-1. The Court will therefore liberally construe Owens' Complaint as naming the Board of County Commissioners of the

County of San Juan as a defendant.[1]

It is well established that a county cannot "be held liable *solely* because it employs a tortfeasor -- or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Social Serv. of City of New York, 436 U.S. at 691 (emphasis in original). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989). See Monell v. Dep't of Social Serv. of City of New York, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Owens' Complaint does not allege that the Board of County Commissioners of the County of San Juan had an official policy or custom that caused the alleged violation of his constitutional rights and, therefore, the Court will dismiss, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(1), Owens' § 1983 claims against the Board of County Commissioners of the County of San Juan for failure to state a claim on which relief may be granted.

The foregoing analysis is dispositive of all of the claims that Owens' Complaint raises. The Court will afford Owens an opportunity to file an amended complaint, within thirty days of the date of this Memorandum Opinion and Order's entry, that states a claim on which relief may be granted under 42 U.S.C. § 1983. Owens' amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's actions harmed him

---

[1] If there is an amended pleading, Owens should use the Defendant's correct name.

or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint may result in the dismissal of this action without prejudice without further notice. See Fed. R. Civ. P. 41(b) (providing for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order").

**IT IS ORDERED** that: (i) Plaintiff Ellie Hue Owens, Jr.'s Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 4, 2017 (Doc. 1), is dismissed without prejudice; (ii) Owens is granted thirty days from the date of this Memorandum Opinion and Order's entry to file an amended complaint; and (iii) the Clerk of the Court is directed to send to Owens, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Ellie Hue Owens, Jr.
Albuquerque, New Mexico

 *Plaintiff pro se*