IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIE HUE OWENS, JR.,

      Plaintiff,

vs.	No. CIV 17-0802 JB\GBW

SAN JUAN COUNTY; SAN JUAN
COUNTY DETENTION CENTER and
SAN JUAN COUNTY SHERIFF'S
DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff's Complaint for Violation of Civil Rights, filed May 30, 2018 (Doc. 22) ("Amended Complaint"). Owens is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will dismiss Owens' Amended Complaint without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted, but will grant Owens thirty days from the date of this Memorandum Opinion and Order's entry to file a second amended complaint.

## PROCEDURAL BACKGROUND

On August 4, 2017, Owens filed a civil rights complaint against Defendants San Juan County, San Juan County Detention Center, and San Juan County Sheriff's Department, alleging civil rights violations under the Eighth and Fourteenth Amendments of the Constitution of the United States of America. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, filed August 4, 2017 (Doc. 1)("Complaint"). Owens' Complaint sought compensatory damages for

injuries he suffered during a physical assault at the San Juan County Courthouse and the alleged subsequent deprivation of medical care.  See Complaint at 2-3; id. ¶¶ 1-6, at 6.

On May 3, 2018, the Court reviewed Owens' Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and determined that it failed to state a claim on which relief may be granted.  See Memorandum Opinion and Order at 5, filed May 3, 2018 (Doc. 19)("MOO"). Specifically, the Court dismissed Owens' claims against Defendants San Juan County Detention Center and San Juan County Sheriff's Department, because "governmental sub-units are not separate suable entities that may be sued under [42 U.S.C.] § 1983."  MOO at 3 (quoting Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010)(unpublished)).  With respect to Owens' claims against Defendant San Juan County, the Court determined that his Complaint was deficient, because it failed to allege that "the Board of County Commissioners of the County of San Juan had an official policy or custom that caused the alleged violation of his constitutional rights" in accordance with Monell v. Dep't of Social Serv. of City of New York, 436 U.S. 658 (1978)("Monell").  MOO at 4.  The Court afforded Owens thirty days in which to file an amended complaint that states a claim on which relief may be granted under 42 U.S.C. § 1983. See MOO at 5.  The Court notified Owens that his

> amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  Failure to timely file an amended complaint may result in the dismissal of this action without prejudice without further notice. See Fed. R. Civ. P. 41(b) (providing for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order").

MOO at 4-5.

On May 30, 2018, Owens filed his Amended Complaint.  See Amended Complaint at 1. Owen's Amended Complaint, like his original Complaint, raises constitutional claims under 42 U.S.C. § 1983 arising out of the physical assault at the San Juan Courthouse and the subsequent alleged deprivation of medical care.  See Amended Complaint at 3-6.  Additionally, Owens alleges that his trial counsel, Defendant Corey Stackhouse, denied him adequate representation, because he failed to help Owens "in anyway including arraignment, sentencing, appeal." Amended Complaint at 5.  Lastly, Owens alleges that the Defendants have deprived him of access to the grievance process, tampered with his mail, and wrongfully convicted and sentenced him.  In his Amended Complaint, Owens seeks $8,500,500.00 in monetary damages.  See Amended Complaint at 6.

## **ANALYSIS**

As previously explained to Owens, the Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).  Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the liberal rule of construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  It is well

established that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d at 1110.

The Court will dismiss Owens' § 1983 claims against San Juan Detention Center, and San Juan Sheriff's Department, because, as previously explained, "governmental sub-units are not separate suable entities that may be sued under § 1983." MOO at 3 (quoting Hinton v. Dennis, 362 F. App'x at 907). Additionally, the Court will dismiss Owens' claims against San Juan County because the Amended Complaint fails to allege that San Juan County had an official policy or custom that caused the alleged violation of his constitutional rights. See Monell, 436 U.S. at 690 (holding that a county cannot "be held liable *solely* because it employs a tortfeasor -- or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory" (italics in original)); Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989)(noting that counties "are subject to liability [under § 1983] only for their official policies or customs").

Owens' Amended Complaint also names Mr. Stackhouse, a private attorney appointed or retained to represent Owens in his state criminal proceeding, as a defendant in his Amended Complaint. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law." Barnard v. Young, 720 F.2d 1188, 1188-89 (10th Cir. 1983)(footnote omitted). Owens' Amended Complaint does not allege any facts indicating that Mr. Stackhouse, a private citizen, acted under color of state law. See Beedle v. Wilson, 422 F.3d 1059, 1071 (10th Cir. 2005)(holding that a private citizen "can be held liable under § 1983 only if she was a 'willful participant in joint action with the State or its agents'" (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980))); Polk County v. Dodson, 454 U.S. 312, 325 (1981)(holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions

as counsel to a defendant in a criminal proceeding" (footnote omitted)).  The Court will, therefore, dismiss Owens' § 1983 claims against Mr. Stackhouse.

To the extent that Owens is challenging the constitutional validity of his state conviction and sentence, Heck v. Humphrey, 512 U.S. 477 (1994) bars Owens' § 1983 claims.  In Heck, the Supreme Court of the United States held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-87 (footnote omitted).  Owens has failed to allege that his state conviction or sentence have been invalidated or called into question, and, therefore, the Court must dismiss Owen's false imprisonment and wrongful conviction claims.

Lastly, although Owens raises various claims regarding deprivation of medical care, denial of access to the grievance process, and mail tampering, he does not identify who is responsible for these alleged violations, when the alleged violations occurred, what each defendant did to violate his rights, and how the alleged violations caused him harm.  See Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(holding that, in § 1983 cases involving governmental agencies and multiple governmental actors, it is particularly important that the complaint "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her" (emphasis in

original)). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)(citations omitted). "Rather, it is incumbent upon a plaintiff to identify specific actions taken by particular defendants in order to make out a viable § 1983 . . . claim." Pahls v. Thomas, 718 F.3d at 1226 (internal quotation marks and citations omitted). Owens' Amended Complaint does not identify specific actions that particular Defendants took, and, therefore, it does not state a viable claim for relief under § 1983.

Having dismissed all the named Defendants in the Amended Complaint, the Court dismisses the Amended Complaint without prejudice and will give Owens another thirty days to file a second Amended Complaint. Dismissing a pro se complaint for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d at 1217. The Court cannot, however, soundly conclude that it is obvious that Owens cannot prevail on the facts he asserts or that that amendment is futile. In the Amended Complaint, Owens asserts facts upon which he could prevail. In response to the Civil Rights Complaint form's prompt "[w]hat are the facts underlying your claim(s)?," Owens asserts: "Officer Yates was acting law enforcement for San Juan County arraignment Court. Officer Yates neglected to restrain, failed to insure saf[e]ty, did not stop an attack both verbally or physically to Plaintiff. . . . 'Let's kill this nigger!' was yelled by [inmate] Medrano before attack [and] Officer Yates did nothing." Amended Complaint at 6. Owens also requests damages for Officer Yates' "extreme negligence," asserting that "Correctional officer Yates should have stopped the beating when he

heard racial slurs coming from [attacker]." Amended Complaint at 13. Thus, Owens asserts that a specific law enforcement individual caused him harm. Owens also asserts that health care providers did not provide adequate medical treatment. See Amended Complaint at 6. To be sure, Owens does not name Officer Yates or any health care providers as Defendants, nor properly allege that they violated his civil rights. In light of Owens' factual assertions, however, the Court cannot soundly conclude that permitting Owens to amend his Amended Complaint would be futile.

In the Court's previous MOO, it dismissed Owens' Complaint without prejudice and gave him thirty days to file an amended Complaint. See MOO at 5. In that MOO, the Court explained:

> Owens' amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in original). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

MOO at 4. In other words, to provide each individual with fair notice as to Owens' claims against them, Owens must identify those individuals by name as Defendants. If Owens does not know their names, he can refer to them as "John Doe" or "Jane Doe." To state a claim, Owens must make specific factual allegations about what each individual Defendant did to harm him, and identify which of Owens' civil rights that individual violated in the process. Failure to timely file a second amended complaint may result in the dismissal of this action without prejudice without further notice. See Fed. R. Civ. P. 41(b) (providing for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order").

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights, filed May 30, 2018 (Doc. 22), is dismissed without prejudice; and (ii) Plaintiff Ellie Hue Owens Jr. is granted thirty days from the date of this Memorandum Opinion and Order's entry to file a second amended complaint.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Ellie Hue Owens, Jr.
Albuquerque, New Mexico

    *Plaintiff pro se*